| | | |
|---|---|---|
| **EARL A. ADAMS, JR., ET AL.** | * | **NO. 2019-CA-0210** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CHEVRON USA, INC., ET AL.** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

| | |
|---|---|
| <u>**CONSOLIDATED WITH:**</u> | <u>**CONSOLIDATED WITH:**</u> |
| **EARL ADAMS, ET AL** | **NO. 2019-C-0198** |
| **VERSUS** | |
| **CHEVRON USA, INC., ET AL** | |
| <u>**CONSOLIDATED WITH:**</u> | <u>**CONSOLIDATED WITH:**</u> |
| **EARL ADAMS, ET AL** | **NO. 2019-C-0199** |
| **VERSUS** | |
| **CHEVRON USA, INC., ET AL** | |
| <u>**CONSOLIDATED WITH:**</u> | <u>**CONSOLIDATED WITH:**</u> |
| **EARL A. ADAMS, JR., ET AL** | **NO. 2019-C-0708** |
| **VERSUS** | |
| **CHEVRON, U.S.A., ET AL** | |
| <u>**CONSOLIDATED WITH:**</u> | <u>**CONSOLIDATED WITH:**</u> |
| **EARL A. ADAMS, JR., ET AL.** | **NO. 2020-CA-0069** |
| **VERSUS** | |
| **CHEVRON USA, INC.** | |
| <u>**CONSOLIDATED WITH:**</u> | <u>**CONSOLIDATED WITH:**</u> |
| **ELDA LONG, ALTHEA SMART, EARL HYNES, EDWARD WILLIAMS, KENNETH MOUILLE, MALCOLM HARRIS, JR., AND MERLE MCINTYRE** | **NO. 2020-CA-0070** |

**VERSUS**

**JOSEPH GREFER AND THE
ESTATE OF CAMILLE GREFER**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2002-19308, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**JAMES F. MCKAY III
CHIEF JUDGE**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love, Judge Roland L. Belsome)

**ON APPLICATION FOR REHEARING**

ROBERT G. HARVEY, SR.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, Louisiana 70119
-and-
DARLEEN MARIE JACOBS
THE LAW OFFICES OF DARLENE M JACOBS
823 St. Louis Street
New Orleans, Louisiana 70112
-and-
ALAN DEAN WEINBERGER
HANGARTNER RYDBERG & TERRELL, LLC
Hancock Whitney Center, Suite 310
New Orleans, Louisiana 70112
        COUNSEL FOR PLAINTIFF/APPELLANT

PETER N. FREIBERG
KEVIN E. HUDDELL
LINDSAY E. REEVES
CHRISTOPHER W. SWANSON
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
        COUNSEL FOR DEFENDANT/APPELLEE

**REHEARING  GRANTED FOR CLARIFICATION**

**MARCH 31, 2021**

On February 24, 2021, this Court issued an opinion wherein the issue was "whether the trial court erred in preventing the plaintiffs from offering evidence of the intent of the actual settling parties regarding the scope of the settlement and in dismissing the plaintiffs' case." *Adams v. Chevron USA, Inc.* 19-0210, p. 2 (La.App. 4 Cir. 2/24/21), ___ So.3d ___ , ___ , 2021 WL 717778, *1. In so determining, we found the following:

> In the instant case, it is undisputed that the landowner defendants are not parties to any settlement agreement with the plaintiffs. It is also undisputed that the landowner defendants did not contribute to any settlement agreement with the plaintiffs. As the landowner defendants are never mentioned in the four corners of any of the settlement agreements, the only way they could have been dismissed is by reference to something outside the agreements themselves.
>
> Under these circumstances, the trial court should have considered the evidence of the intent of the actual parties to the settlement concerning whether the landowner defendants would or would not be released. To not do so interdicted the fact-finding process. Therefore, the district court erred as a matter of law in refusing to allow the plaintiffs an opportunity to offer evidence of the intent of the settling parties, i.e., a contradictory hearing where the parties could have called witnesses and introduced other extrinsic evidence to establish the true intent of the parties to the settlement.
>
> For the above and foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

*Id.*, 19-0210, pp. 3-4, ___ So.3d  at ___ , 2021 WL 717778, *2.

Following the issuance of our opinion, both the appellants and the appellees filed applications for rehearing seeking clarification as to whether this Court's opinion applied to both of the trial court judgments regarding the granting of the Motions to Enforce Settlement Agreement rendered on September 11, 2018, and October 11, 2019.

Both applications for rehearing are granted for clarification purposes only. This court's February 24, 2021 opinion applied to both the September 11, 2018, and the October 11, 2019 trial court judgments.  This Court's original judgment remains unchanged.

**REHEARING GRANTED FOR CLARIFICATION**